ARMOUR LEGAL, LLC.
Matthew W. Bartz (SBN#024972)
3317 S. Higley Rd. Suite 114-444
Gilbert, AZ 85297
Telephone: 602-550-8919
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | |
|---|---|
| Plaintiff, | |
| vs. | Case No.: 04-CR-00020-001-PHX-SRB |
| Angel Flores, | DEFENDANT'S DISPOSITION MEMORANDUM WITH MEMORANDUM OF POINTS AND AUTHORITIES |
| Defendant. | |

Defendant, Angel Flores, by and through counsel, submits the following as his Disposition Memorandum pursuant to 18 U.S.C. §3553 and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), *Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456 (2007), *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586 (2007).  Mr. Flores seeks leniency from Court in his first violation of Supervised Release.  Specifically, he requests the opportunity to be sentenced to complete a 180-day in-patient drug and alcohol treatment program, or in the alternative to follow the recommendations in the Disposition Memorandum that was filed on the evening of January 30, 2019.  The following Memorandum of Points and Authorities is attached in support.

RESPECTFULLY SUBMITTED this  1st  Day of February, 2019.

/s/ *Matthew W. Bartz*
Attorney for Defendant

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S DISPOSITION MEMORANDUM

**I.   Facts**

After receiving the Disposition Report on January 30, 2019, counsel met with Mr. Flores on January 31, 2019 to review the contents of the report and discuss with Mr. Flores what has happened in his past and what he wants for his future. Mr. Flores is 34 years old. He was born in Phoenix, Arizona and is a member of the Gila River Indian Tribe. He describes his childhood as dysfunctional. When asked what he meant by that he said that his dad was physically abusive to his mother and the threat of abuse loomed constantly over his head and his siblings. He is one of eight children. When asked if his parents were able to provide for his basic needs, he stated that the Reservation provided for their needs.

When Mr. Flores was only 17 years old, he was convicted of a serious crime and spent nearly the next half of his life in prison. He was released at age 34. Unfortunately, his mother had passed away about 3 years before he was released from prison. His father is still living and works for El Paso Gas Company making gas valves.

Since his release from prison last year, Mr. Flores has been trying to learn how to function in society. This is a difficult task for him. During the years that a child typically moves away from home and has help of family to acclimate him to the world and help him learn how to rent an apartment, set up utilities, purchase a car, get a job, deal with health insurance, etc., he was incarcerated. For the past half of his life he lived in a highly structured organization where all of his basic needs provided for him by the government. It left him unprepared for the outside world.

Mr. Flores is sincere in that learning all these new life skills has been a struggle for him. He says that he is trying to figure out how to function in society, but it is hard for him because he

was a kid when he got locked up and at age 34 everyone expects him to be a man, but he lacks the experience that most men his age have because they have grown in society over those years. But, he is not a quitter and he wants to succeed. Mr. Flores has received several certificates that qualify him to be a heavy equipment operator. He has two main goals. He wants to get a job so he can work and he wants to earn his GED.

Since the time he was detained for this supervised release violation he has worked with his girlfriend to try to make arrangements to receive treatment at a 180-day in-patient treatment facility provided through the "Thwajik Ke" Residential treatment center located at 3850 N. Laveen Village, AZ. They have been in contact with Tamara Scott at the facility and his intake paperwork has been submitted. In a conversation that counsel had with Adult Probation Officer Ms. Gonshak-Peters, she stated that is seemed that all that was needed was for Mr. Flores to have a medical exam to see if he would qualify and then wait for an unknown period of time to get a bed, but that he would have priority for a bed as a tribal member. During counsel's visit with Mr. Flores, yesterday—January 31, 2019, he was able to obtain medical records from Mr. Flores. Those records have now been scanned and submitted to Thwajik Ke Residential Treatment center, but at this time it is unknown if they will be sufficient for the purposes of the facility or if Mr. Flores would need to undergo another physical examination. Mr. Gonshak-Peters was going to look into whether the facility would go to Florence to conduct a medical exam while Mr. Flores was in-custody. However, there are additional concerns that exists with placing him at the facility—Mr. Flores is party to a pending case on the reservation and there is a concern that he could be arrested by tribal police to face those charges before he could finish his treatment program.

Mr. Flores admitted to the allegation of his violation of probation that he had consumed methamphetamine while on supervision. He did not admit to the violations alleging additional criminal behavior while on the reservations. That case is still an open case and he plans on contesting those accusations as a wrong identification.

Mr. Flores agrees with the guideline calculations that have been made in the Disposition report. He is hopeful that by the time of Disposition there is an update from the residential treatment facility as to whether they are accepting his medical records and when a bed would be available so that the Court could consider that as an option at the Disposition Hearing. However, if it would not be possible to place him at the residential treatment facility, then Mr. Flores is in agreement with the recommended disposition contained in the report of two three-month consecutive terms in the Bureau of Prisons followed by supervised release.

He is remorseful for his behavior and wants to change and better his life.

## II.    Sentencing Recommendation

Mr. Flores has been in custody for just 48 day. He asks that this Court to sentence him fairly for the allegation to which he has admitted, taking into consideration his willingness and desire to participate in a treatment program and gain better life skills.

As the Court knows, the goal of sentencing is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553 which states:

> <u>18 U.S.C. § 3553.  Imposition of a sentence</u>
>
> (a) Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> ...
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

We submit that the ideal situation would be to place Mr. Flores at the "Thwajik Ke" Residential treatment center for 180 days; however, we acknowledge that it may not be possible at the time of disposition because it is unknown whether they can accept him and when a bed would be available as a well as the risk of apprehension for his current tribal case. We hope that between the time of the submission of the memorandum and the time of disposition more information is available regarding that possibility. If not possible to place Mr. Flores in the treatment program, he requests the Court follow the recommendations that have been made in the Disposition Report.

In sentencing Mr. Flores, the Court should also consider: (A) although he is 34 years old, he lacks many of the basic life skills that most men his age have obtained through experience because he was incarcerated during those developmental years (B) this is his first supervised release violation and he has a sincere desire to better himself and integrate into society, (C) whether placement in a residential treatment center or a short time of incarceration it is not likely to increase the risk to the public from further crimes of the defendant.

## III.  Conclusion

Given the circumstances in this case, a sentence placing him in a 180-day residential treatment program or a short term in the Bureau of Prisons, is appropriate.

RESPECTFULLY SUBMITTED this <u>1st</u> Day of February, 2019.

ARMOUR LEGAL, L.L.C.

<u>/s/ *Matthew W. Bartz*</u>
Attorney for Defendant

I hereby certify that on February 1, 2019:

I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECT registrants:

Honorable Susan R. Bolton and
Brooke Afshari, Assistant U.S. Attorney

Courtesy copy of draft order e-mailed to:

Honorable Susan R. Bolton
Bolton_chambers@azd.uscourts.gov

Marjorie Dieckman, Assistant U.S. Attorney
Marjorie.Dieckman@usdoj.gov

Elizabeth Gonshak-Peters, U.S. Probation Officer
Elizabeth_Gonshak-Peters@azd.uscourts.gov

By: <u>/s/Matthew W. Bartz</u>